IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PROGRESSIVE GULF INSURANCE COMPANY**                    **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 2:13-CV-52-KS-MTP**

**CHAZ B. KENNEDY, et al.**                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Plaintiff's Motion for Summary Judgment [34]. The Court will enter a separate judgment in accordance with Rule 58.

## I. BACKGROUND

Defendant Chaz Kennedy is the named insured under a commercial auto policy issued by Plaintiff Progressive Gulf Insurance Company. The policy insures Kennedy's two International tractors, but it contains a "Non-Trucking" endorsement. Therefore, the policy provides liability coverage for bodily injury and property damage arising from Kennedy's use of the insured trucks, but not when they are being used to transport goods.

On January 15, 2013, Kennedy was driving one of the insured trucks in Jones County, Mississippi, while transporting wood chips in a trailer owned by Defendant Mike Ashley. Kennedy collided with a car driven by Defendant Kassie Ford. Ford later made a claim on the policy issued by Progressive for bodily injuries arising from the accident. Progressive denied Ford's claim, stating that the policy excludes coverage for damages arising from Kennedy's use of the truck for transporting goods.

Progressive later filed this declaratory judgment action, naming Kennedy, Ford,

and Ashley as Defendants. Progressive seeks a declaratory judgment that the policy does not provide defense or indemnity to any of the Defendants for claims for bodily injury or property damage arising from the accident. Its Motion for Summary Judgment [34] is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials,

2

speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. PLAINTIFF'S DUTY TO INDEMNIFY AND/OR DEFEND KENNEDY

### A. *Plaintiff's Claim*

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, It must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *see also Corban*, 20 So. 3d at 609; *Guidant Mut. Ins. Co. v. Indem. Ins. Co. of N. Am.*, 13 So. 3d 1270, 1281 (Miss. 2009); *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d

956, 963 (Miss. 2008).

The policy at issue [34-1, 1-1] – Progressive Commercial Auto Policy No. 01541752-0, effective from April 13, 2012, to April 13, 2013 – provides, in pertinent part:

### INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage, **we** will pay damages, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto**.

This section is modified by a "Non-Trucking" endorsement [34-1], which was noted on the declarations page [1-1]. The endorsement provides, in pertinent part:

**We** agree with **you** that the insurance provided under **your** Commercial Auto Policy is modified as follows:

**PART 1 – LIABILITY TO OTHERS** is modified as follows:

* * *

### EXCLUSIONS

The following is added:

Coverage under this Part 1, including **our** duty to defend, does not apply to:

1. **Bodily injury** or **property damage** arising out of the use of any **insured auto** while it is being operated, maintained, or used, whether or not for compensation, in the business of any person or organization other than the named insured shown on the **Declarations Page**.

2. **Bodily injury** or **property damage** arising out of the use of any **insured auto** while it is being used to transport goods or

4

merchandise, or while such goods or merchandise are being loaded onto, or unloaded from, the **insured auto**.

The policy, therefore, unambiguously excludes coverage for bodily injury or property damage arising out of the use of an insured truck while it is being used to transport goods or merchandise. It is undisputed that the accident occurred while Kennedy was using an insured truck to transport Ashley's wood chips. Accordingly, Progressive is not obligated to provide indemnification or defense for any bodily injury or property damage arising from the accident.

**B.    *Kennedy's Counterclaim***

Kennedy asserted a counterclaim against Progressive for breach of contract [10], claiming that he never purchased a "Non-Trucking" policy, and that Progressive provided him with a Certificate of Insurance for a policy with "Trucking" liability coverage. Although Kennedy did not respond to Progressive's motion, he produced the purported certificate [34-9] to Progressive during discovery. It is identical to those presented by Progressive [34-2], except for one detail. Under the heading "Insurance coverage(s)," Progressive's Certificate [34-2] reads "Non-Trucking Bodily Injury/Property Damage," while Kennedy's document contains a conspicuously empty space immediately preceding the word "Trucking." The difference is demonstrated in the images below. First, an excerpt from Progressive's Certificate [34-2], with the pertinent section highlighted by the Court:

This document certifies that insurance policies identified below h
named above for the period(s) indicated.  This Certificate is issue
the certificate holder and does not change, alter, modify, or exte
The coverages afforded by the policies listed below are subject
conditions of these policies.

Policy Effective Date   Apr 13, 2012                          Policy Expira

Insurance coverage(s)                                        Limits
Non-Trucking Bodily Injury/Property Damage        $1,000,000
Uninsured/Underinsured Motorist                      $25,000/$5
Uninsured Motorist Property Damage                  $25,000 w/

**Description of Location/Vehicles/Special Items**
**Scheduled autos only**
1992 INTL 970 1HSRKCARXNH426696
Medical Payments                                            $5,000
1979 INTERNATIONAL 9670 E2327JGA15930

**Certificate number**

*See* Exhibit B to Plaintiff's Motion for Summary Judgment [34-2], p. 44 (emphasis added). Next, an excerpt from Kennedy's Certificate [34-9], which – but for the highlighted section – is identical to Progressive's:

the certificate holder and does not change, alter, modify, or
The coverages afforded by the policies listed below are sub
conditions of these policies.

Policy Effective Date:  Apr-13, 2012                          Policy E

Insurance coverage(s)                                        Limits
Trucking Bodily Injury/Property Damage            $1,000,0
Uninsured/Underinsured Motorist                      $25,000/
Uninsured Motorist Property Damage                  $25,000

**Description of Location/Vehicles/Special Items**
**Scheduled autos only**
1992 INTL 970 1HSRKCARXNH426696
Medical Payments                                            $5,000
1979 INTERNATIONAL 9670 E2327JGA15930

**Certificate number**

*See* Exhibit I to Plaintiff's Motion for Summary Judgment [34-9], p. 5 (emphasis added).

Progressive contends that the Certificate of Insurance produced by Kennedy has been altered or modified since they sent it to him. The Court need not express an opinion on that subject. Regardless of the explanation for the difference in the two Certificates, the one produced by Kennedy is not sufficient to create a genuine dispute of material fact as to the nature of the subject insurance policy.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). Indeed, a factual dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

No reasonable jury could believe that the Certificate of Insurance produced by Kennedy during discovery accurately reflects the insurance policy he purchased. First, there is the matter of the rather conspicuous blank spot in the document [34-9]. Second, Progressive produced a Certificate [34-2] that matches the other policy documents contained within its file, including the policy itself [34-1], which contained a "Non-Trucking" endorsement. Third, Progressive produced undisputed transcripts [34-5, 34-6, 34-7, 34-8] of telephone conversations of telephone conversations with Kennedy in which he specifically requested "Non-Trucking" liability coverage. On June

7

4, 2012 [34-8] – the last call preceding the accident – Kennedy confirmed that he wanted "Non-Trucking" liability coverage.

For all of these reasons, the Court finds that there is no genuine dispute of material fact on this issue. Kennedy purchased a "Non-Trucking" commercial auto liability policy, and it provides no coverage for the accident of January 13, 2013, because Kennedy was transporting goods when the accident occurred. Progressive has not breached the policy, and the Court grants its Motion for Summary Judgment [34] as to Kennedy's counterclaim.

## IV. PLAINTIFF'S DUTY TO INDEMNIFY AND/OR DEFEND ASHLEY

Ashley does not dispute that the accident occurred while Kennedy was transporting goods, or that the policy's "Non-Trucking" endorsement excludes coverage for bodily injury and property damage arising from use of the truck while it is being used to transport goods. Nevertheless, Ashley argues that Progressive is obligated to provide a defense and indemnity for him under the principle of equitable estoppel. First, Ashley contends that he relied upon Progressive's silence – that is, its failure to notify him of the "Non-Trucking" endorsement – when deciding to hire Kennedy. Second, he contends that he relied upon the declarations page and "Additional Insured" endorsement provided to him by Kennedy.

"Equitable estoppel arises when one party may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had." *Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 964 (Miss. 1999). There are two elements that must be satisfied

8

for the doctrine to apply: 1) Ashley must have "changed his position in reliance upon the conduct of [Progressive]," and 2) he must have "suffered detriment caused by his change of position in reliance upon such conduct." *Brown v. Progressive Gulf Ins. Co.*, 761 So. 2d 134, 136 (Miss. 2000).

Equitable estoppel is inapplicable here because it "may not operate to create coverage or expand existing coverage to risks which, by the terms of the policy, are expressly excluded." *Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002); *see also Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001). As Professor Jackson observed: "[T]he doctrine that . . . estoppel cannot be used to extend coverage is enforced in cases where the claimant seeks to change fundamentally the nature of the risk that the insurer has undertaken." Jeffrey Jackson, *Mississippi Insurance Law & Practice* § 7:5 (2013). Ashley seeks coverage for claims that are specifically excluded from coverage. Extending coverage in this case would change the fundamental nature of the risk underwritten by Progressive – from "Non-Trucking" liability to "Trucking" liability. As such, equitable estoppel is inapplicable.[1]

---

[1]The Court further notes that Ashley has not cited – and the Court was unable to find – any legal authority imposing a duty on Progressive to provide Ashley, an additional insured, with notice of the "Non-Trucking" endorsement. In the absence of such duty, Ashley had no right to rely upon Progressive's silence or inaction. *Sentinel*, 743 So. 2d at 964 ("when it is his duty to speak").

Additionally, the Declarations Page and "Additional Insured" endorsement provided to Ashley by Kennedy [37-1] are not sufficient to meet the required elements of equitable estoppel. These documents reflect the terms of the policy on January 18, 2013 – after the accident had already occurred – and Ashley could not have relied upon them when deciding to employ Kennedy prior to the accident.

## V. CONCLUSION

For all of the reasons stated above, the Court **grants** the Motion for Summary Judgment [34] filed by Plaintiff, Progressive Gulf Insurance Company. The Progressive Gulf Insurance Company policy numbered 01541752-0 does not obligate Plaintiff, Progressive Gulf Insurance Company, to defend or indemnify Defendant Chaz Kennedy or Defendant Mike Ashley d/b/a Ashley Farms against any claims for bodily injury or property damage arising from the January 15, 2013, accident between Defendants Chaz Kennedy and Kassie Ford. The Court dismisses Defendant Chaz Kennedy's counterclaims with prejudice. A separate Final Judgment will be entered in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 4th day of June, 2014.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE